**Kenneth R. GAGER and Deanna A. Gager, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**CV–S–96–0782–PMP (RLH).**

United States District Court, D. Nevada.

March 28, 1997.

Oscar Goodman, Goodman, Chesnoff & Keach, Las Vegas, NV, for plaintiffs.

James G. Touhey, Jr., Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant.

### ORDER

PRO, District Judge.

Presently before the Court is Defendant United States of America's ("United States") Motion to Dismiss for Lack of Subject Matter Jurisdiction (# 4) filed on November 26, 1996. Plaintiffs Kenneth R. Gager and Deanna A. Gager ("the Gagers") filed an Opposition (# 8) on January 13, 1997. Plaintiffs also filed a Supplement to their Opposition (# 10) on February 20, 1997. On January 31, 1997, the United States filed a Reply (# 9).

### I. Factual Background

In September of 1993, the United States Postal Service ("Postal Service") delivered a package to Kenneth Gager through the regular course of United States mail delivery. The package contained a mail bomb that exploded when Kenneth Gager opened the package. Kenneth Gager's wife, Deanna Gager, was present when the package was opened, and witnessed the explosion. As a result of the explosion, Kenneth Gager received permanent and disabling injuries. The Gager residence was severely damaged

as well.[1] On August 29, 1996, the Gagers filed suit against the United States under the Federal Tort Claims Act ("FTCA") for negligence and loss of consortium.

### II. Procedure

The United States alleges immunity from suit under two exceptions to the FTCA's waiver of sovereign immunity for tort claims against the United States. The first exception is the postal matter exception, 28 U.S.C. § 2680(b), the second exception is the discretionary function exception, 28 U.S.C. § 2680(a). The United States brings its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. In deciding a 12(b)(1) motion, a court must read the Complaint in a light most favorable to the Plaintiff and accept all factual allegations as true. *United States v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991). The plaintiff has the burden of establishing subject matter jurisdiction. *Robinson v. United States of America,* 849 F.Supp. 799, 800–01 (S.D.Ga.1994).

In their Opposition (# 8), the Gagers move to allow limited discovery and to amend their Complaint. As discussed *infra,* the motion for discovery is denied. A Plaintiff may amend his or her Complaint once as a matter of course before a responsive pleading is served. Accordingly, the United States treats the Amended Complaint as if it had been filed, and has renewed its Motion to Dismiss.

### III. Postal Matter Exception, 28 U.S.C. § 2680(b)

■ The FTCA provides that the United States is immune for "any claim arising out of the loss, miscarriage or negligent transmission of letters or postal matter." The plain language of the FTCA thus bars the Gager's suit. *See Robinson,* 849 F.Supp. at 803. In *Robinson,* the Plaintiffs alleged that the Postal Service negligently failed to reject a non-mailable, dangerous package which

---

1. The individuals responsible for this heinous crime have been criminally prosecuted by the United States and convicted by juries before the Honorable David W. Hagen, United States District Judge, District of Nevada, in *U.S. v. Abrom Sander Finkel,* Case No. CR–N–94–001–DWH, and *U.S. v. Robert John Collins,* Case No. CR–N–95–035–DWH.

killed the recipient, Robert Robinson. *Id.* at 800. The court found that both the postal matter and discretionary function exceptions to the FTCA barred the Plaintiffs' suit. *Id.* at 806.

To avoid this outcome, the Gagers argue that they are not alleging negligence arising out of the transmission of postal matter. Rather, they claim that the Postal Service failed to properly train employees [2] *before* the package arrived at the post office. This distinction is without merit. The language of the exception, "any claim arising out of . . . the negligent transmission" is expansive. It encompasses the Gager's claims for failure to train, since the Gager's damages arise out of the transmission of the package to their home. It is the transmission of the package that actually caused the Gager's injuries. They were not harmed by the failure to train in and of itself, but rather the delivery and process of opening the package. Therefore, the exception covers the negligence that the Gager's allege in their complaint, and the government is immune from suit.

The postal matters exception to the FTCA was designed to ensure that certain government actions were not disrupted by the threat of damage suits, and to avoid the United States' exposure to excessive or fraudulent claims. *Id.* at 802. Accepting the Gager's interpretation of the postal matters exception would eviscerate this exception to the FTCA. Any plaintiff could allege that their claim arose not out of the *transmission* of postal matter, but out of actions occurring before the actual receipt of an item at a postal facility or after its delivery. In light of the broad language of the exception, such claims would be merely end-runs around the intent clearly expressed by Congress in enacting 28 U.S.C. § 2680(b).

**2.** Leanne Mary Emm, the person who delivered the package to the Gagers, was not a postal employee. Her mother, Vicki Hovey, was a Highway Contract Rep., and Ms. Emm "worked" for her mother. (Dec. of Donald Dibble, Plaintiff's Opposition Attach. p. 20).

**3.** The discretionary function exception was first discussed by the Supreme Court in *Dalehite v.*

## IV. Discretionary Function Exception

Section 2680(a) of the FTCA provides that the United States is immune from any claim based on an act or omission of an employee of the United States involving the exercise or performance of a discretionary function. 28 U.S.C. § 2680(a).[3] A court must first examine whether the act involves an element of judgment or choice, then determine whether the judgment is the type that the exception was designed to protect. *Gaubert,* 499 U.S. at 322–23, 111 S.Ct. at 1273–74.

### A. Whether the Training of Postal Employees Involves a Judgment or Choice.

The training of postal employees in the detection of mail bombs is a judgment and choice on the part of postal officials. The Postal Service's policy is to plan and develop adequate and efficient postal services at fair and reasonable prices. 39 U.S.C. § 404(a). The exceptions to the FTCA, particularly the postal matters exception, are designed to allow the Postal Service to implement regulations and policies by balancing speed, costs, privacy and security. To individually examine the billions of pieces of mail handled by the Postal Service would involve significantly increased costs and delays in mail service. 55 Fed.Reg. At 29,638. The Postal Service therefore has discretion to formulate security measures and training methods which strike what it deems the proper balance of these competing values.

Robert D. Northrop, Acting Program Manager for the Fraud and Prohibited Mailings Group for the Postal Inspection Service, stated in his affidavit that during the time relevant to this action, there were no mandatory regulations, policies or procedures existing which specifically required training or instruction for all postal employees and con-

*U.S.,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), where the exception barred recovery for claims arising from a massive explosion of fertilizer produced as part of a post-World War II relief program. *U.S. v. Gaubert,* 499 U.S. 315, 323, 111 S.Ct. 1267, 1273–74, 113 L.Ed.2d 335 (1991).

tractors in the detection of mail bombs or other suspicious packages. (Dec. of Robert D. Northrop, Defendant's Reply (# 9), Attach. p. 1). As there were no mandatory regulations or procedures, training employees in these areas was a discretionary act by postal officials. It was, in short, a judgment call of the United States Government in balancing safety and cost in light of the Postal Service's limited resources. Northrop stated that the balance struck meant that training was conducted for specific areas at facilities where a cognizable threat existed. The decision not to train workers in the Minden area was an act of discretion by the United States that cannot form the basis of a claim under the FTCA.

The Gagers offer affidavits in their supplemental Opposition (# 10) from a postal worker in Las Vegas who states that in 1989 or 1990 a mail bomb killed a woman in the Las Vegas area. In response, Las Vegas postal workers were trained and sent safety pamphlets concerning the detection of mail bombs. The Gagers also allege that the entire State of Nevada is in the Las Vegas Postal District. These facts are insufficient to establish that a mandatory regulation existed either statewide or in Minden, Nevada, which required the training of postal workers in identifying dangerous packages. Robert Northrop avers that the only regulation that existed required the training of employees at facilities where a cognizable threat existed. The Gagers have made no showing that the Minden area was such a facility, and therefore they have failed to show that the lack of training was a mandatory, rather than a discretionary function.

■ The Gagers also request that discovery be allowed so that they can determine if a specific policy existed requiring the training of postal employees. They have offered no proof of any such mandatory regulation and admit that they are not cognizant of whether any policy existed. Plaintiffs have offered no published postal regulation or manual setting forth such a policy. They have offered no affidavit from any postal worker or official stating that such a regulation existed. Furthermore, even if the Gagers sufficiently proved that a mandatory reg-

ulation existed and that the United States violated that policy, the United States would still be immune from suit under the postal matters exception to the FTCA. Therefore, this Court denies the Gager's request to allow limited discovery.

## B. Whether the Judgment is the Type that the Discretionary Function Exception is Designed to Protect.

■ The balance of safety, privacy, cost and efficiency discussed above is clearly the type of policy decision the discretionary function exception to the FTCA is designed to protect. The exception was designed to avoid judicial second guessing of administrative decisions grounded in social and economic policy. *Gaubert* 499 U.S. at 332, 111 S.Ct. at 1278–79. When regulations allow a United States agency to exercise discretion, it must be "presumed that the agent's acts are grounded in policy when exercising that discretion." *Id.* at 324, 111 S.Ct. at 1274. As the discretion to balance issues involving the inspection of packages and training of employees is necessary to provide efficient and effective postal services, it is the very type of discretion the discretionary function was designed to shield. *Robinson,* 849 F.Supp. at 806. Therefore, the discretionary function exception applies in this case and bars the Gager's claim.

This Court is aware of the seriousness of the Gager's injuries and the grave safety concerns surrounding dangerous packages transported through the United States Postal Service. The Gagers, just as anyone else whose claims are barred by the discretionary function exception, will be understandably dissatisfied and frustrated with the result. Furthermore, the Gagers may find little solace, and even less compensation, for their pain and injuries by the fact that the individuals responsible for the heinous mail bomb attack on them have been sentenced to prison and may be subject to personal liability to the Gagers as a result of their conduct. However, as a Court of limited jurisdiction, this Court is bound by the narrow areas in which the United States has consented to waive sovereign immunity.

IT IS THEREFORE ORDERED THAT Defendant's Motion to Dismiss (# 4) is GRANTED.