**Kenneth GAGER; Deanna Gager,**
**Plaintiffs–Appellants,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 97–15710.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 1998.

Decided June 26, 1998.

Oscar B. Goodman, Las Vegas, NV, for plaintiffs-appellants.

E. Roy Hawkens, Assistant United States Attorney, Washington, DC, for defendant-appellee.

Before: D.W. NELSON, REINHARDT, and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Kenneth and Deanna Gager sued the United States under the Federal Tort Claims Act ("FTCA") after the United States Postal Service ("Postal Service") unwittingly delivered a mail bomb to them. In their suit, the Gagers alleged negligent training and supervision of Postal Service employees. The district court dismissed the action for lack of subject matter jurisdiction. Specifically, the court held that both the postal matter exception, 28 U.S.C. § 2680(b), and the discretionary function exception, 28 U.S.C. § 2680(a), of the FTCA applied. We have jurisdiction under 28 U.S.C. § 1291, and we hold that the discretionary function exception bars the Gagers' claim. Consequently, we do not address the applicability of the postal matter exception.

## BACKGROUND

On or about September 8, 1993, the United States Postal Service delivered a package addressed to Kenneth Gager, a Nevada Highway Patrol Trooper, to his residence in Minden, Nevada. The package weighed several pounds and had been heavily taped. A partial return address indicated that it was sent from Carson City, Nevada.

The package had been sent by an individual whom Mr. Gager had arrested and testified against in the performance of his law enforcement responsibilities. Unfortunately,

the package was nothing more than a disguised bomb. The bomb exploded as Mr. Gager opened the package, causing the Gagers serious injuries and damage to their home.

At the time of this mail bombing, the Postal Service did not require nationwide training in bomb detection. The personnel at the Minden Postal facility—including the carrier who delivered Mr. Gager's package—had not received any such training prior to this incident. Minden Postmaster Jose Maes instituted a training program shortly after the Gager mail bomb.

On August 29, 1996, the Gagers sued the United States under the FTCA, 28 U.S.C. §§ 1346(b), 2671–80, for negligence and loss of consortium. Specifically, the Gagers alleged that the Postal Service negligently failed to train and supervise its employees in bomb detection and disposal.

The United States moved to dismiss for lack of subject matter jurisdiction. The government claimed immunity from suit under two exceptions to the FTCA's waiver of sovereign immunity for tort claims against the United States: the postal matter exception, 28 U.S.C. § 2680(b), and the discretionary function exception, 28 U.S.C. § 2680(a). The district court granted the government's motion and held that both exceptions applied. *See Gager v. United States*, 958 F.Supp. 494 (D.Nev.1997). In addition, the court rejected the Gagers' request to conduct limited discovery on whether the Postal Service had any policies or procedures requiring the training of Postal employees in bomb detection. *See id.* at 497. Following the dismissal of their claim, the Gagers timely appealed.

## STANDARD OF REVIEW

 We review de novo the district court's determination of subject matter jurisdiction. *See Blackburn v. United States*, 100 F.3d 1426, 1429 (9th Cir.1996). We review the district court's discovery rulings for an abuse of discretion. *See id.* at 1436.

## DISCUSSION

I. The Discretionary Function Exception

The FTCA, 28 U.S.C. §§ 1346(b), 2671–80, waives the government's sovereign immunity

for tort claims arising out of the negligent conduct of government employees acting within the scope of their employment. *See Blackburn*, 100 F.3d at 1429. The discretionary function exception of the FTCA is a statutory reservation of sovereign immunity for a particular class of tort claims. The exception retains immunity when the claim is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

 We follow a two-step test to assess the applicability of the discretionary function exception. First, "[t]he exception covers only acts that are discretionary in nature, acts that 'involv[e] an element of judgment or choice.'" *United States v. Gaubert*, 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991) (quoting *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988)). This requirement of judgment or choice is not satisfied if a federal statute, regulation, or policy requires a particular course of action. *See id.* at 322, 111 S.Ct. 1267. Second, the discretion exercised must be " 'of the kind that the discretionary function exception was designed to shield.'" *Id.* at 321–22, 111 S.Ct. 1267 (quoting *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954). The judgments and choices entitled to protection are those "grounded in social, economic, and political policy." *United States v. Varig Airlines*, 467 U.S. 797, 814, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984).

A. Judgment or Choice

The Gagers challenge the Postal Service's decision not to train and supervise Minden Postal employees in bomb detection. The Gagers concede that in the absence of any statute, regulation, or policy requiring such training, that decision plainly involves judgment or choice.

 The Gagers allege, however, that there was an established policy of training and supervision in bomb detection that elimi-

nated any possible choice involved in the Postal Service's decision. In support of this argument, the Gagers rely on the affidavit of Beth Baca, a Postal Service employee in Las Vegas. She stated that the Postal Service briefly instituted a training program in mail bomb detection following a mail bomb incident in Las Vegas in 1989 or 1990. We believe that this evidence is insufficient to establish that there was a general Postal Service policy or regulation requiring training and supervision at all sites. At most, the declaration suggests that the Postal Service instituted training only in response to a known threat. Indeed, the remainder of the record confirms that no general policy of universal training existed.

First, the relevant regulations do not require training in bomb detection. *See* United States Postal Service, *Domestic Mail Manual* (1993). Second, the government offered the declaration of a high-ranking Postal official that confirms the absence of any such general policy: "During all times relevant to this action, no mandatory regulations, policies, or procedures existed which specifically required a course of training or instruction to be provided to all Postal employees and contractors in the detection of mail bombs or other suspicious packages." Indeed, the Baca affidavit supports the official's claim that training was restricted to "limited numbers of facilities where a cognizable threat exists." Based on this evidence, we agree with the district court that there was no policy or regulation requiring training and supervision in bomb detection in the absence of a specific threat.[1] The Gagers have not alleged that the Minden Postal employees were aware of a cognizable threat of a mail bomb prior to September 8, 1993. Accordingly, the district court's conclusion that the Postal Service's decision involved judgment or choice is also correct.

### B. Grounded in Social, Economic, and Political Policy

The second inquiry in the discretionary function analysis is whether the judgment or choice was "grounded in social, economic, and political policy." *Varig Airlines,* 467 U.S. at 814, 104 S.Ct. 2755. We must decide whether the Postal Service balanced competing public policy concerns in reaching its decision. We conclude that it did.

In deciding not to provide universal training and supervision in mail bomb detection, the Postal Service balanced many competing concerns. On the one hand, the Postal Service had to consider the safety of its employees and the public—mail bombs, while rare, cause significant personal and property damage. Obviously, it would be ideal from a public safety standpoint if the Postal Service could eliminate entirely the threat posed by mail bombs. The policy of safety weighs in favor of instituting a training and supervision program.

On the other hand, several policies pulled the Postal Service in the opposite direction. First, there are many economic concerns attendant to any training program. The Postal Service has approximately 800,000 employees and delivers about 680 million pieces of mail each day. Training and supervising Postal employees in mail bomb detection necessarily involves significant resources and time. Second, the Postal Service is required by law to provide "prompt, reliable, and efficient services." 39 U.S.C. § 101(a). A program designed to detect mail bombs would likely impact all three of these goals. Finally, the Postal Service is committed to the important policy of respecting privacy. Increased scrutiny of packages necessarily would impinge on privacy to some extent.

In light of these competing concerns, the Postal Service decided that the proper strategy was to limit training to those sites where a known threat existed. In the Postal Service's view, this limited training program represented the most effective allocation and deployment of its resources. The Postal Service "balanced competing policy considerations" in reaching this conclusion. *Blackburn,* 100 F.3d at 1434. Consequently, "[t]his decision is 'precisely the kind the discretionary function exception was intended to

---

1. The district court denied the Gagers' request for limited discovery on this issue. We address that denial in section II, *infra.*

immunize from suit.' " *Id.* (quoting *Childers v. United States,* 40 F.3d 973, 976 (9th Cir. 1994)). We conclude that the discretionary function exception of the FTCA bars the Gagers' suit. *Cf. Hughes v. United States,* 110 F.3d 765, 768–69 (11th Cir.1997) (finding that decisions by the Postal Service regarding security at post offices fall within the discretionary function exception of the FTCA because they involve judgment or choice grounded in social, economic, and political policy).

We are not persuaded to the contrary by the Gagers' reliance on several inapposite cases. In *Faber v. United States,* 56 F.3d 1122 (9th Cir.1995), the government acted in direct contravention of a specifically prescribed federal policy and, therefore, the discretionary function exception was not applicable. In the case at hand, however, there was not a specific policy to provide training in bomb detection; the Postal Service's decision involved judgment or choice.

Similarly, in *Routh v. United States,* 941 F.2d 853 (9th Cir.1991), we concluded that a contracting officer's failure to require a particular piece of safety equipment on a contractor's machinery was not a discretionary function shielded from tort liability because the choice did not involve a policy decision. The contracting officer's decision was an isolated one that did not implicate any broad public policy concerns. In our case, however, the Postal Service's decision was clearly rooted in social, economic, and political policy, thereby invoking the discretionary function exception.

In sum, we agree with the district court that the Gagers' suit against the United States is barred by the discretionary function exception of the FTCA. The decision not to provide universal training and supervision in mail bomb detection involved judgment or choice grounded in social, economic, and political policy. *See Berkovitz v. United States,* 486 U.S. 531, 536–37, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). While we sympathize with the Gagers, we are not able to expand the narrow areas in which the United States has waived sovereign immunity.

## II. The Gagers' Request for Limited Discovery

The Gagers also challenge the district court's denial of their request to conduct limited discovery on the issue of whether a specific policy existed requiring the training of all Postal employees. As noted above, the existence of a specific policy could influence the application of the discretionary function exception.

After filing their complaint, the Gagers engaged in discovery, obtaining several affidavits that presented in detail the existing training methods and policies of the Postal Service for the Nevada region. The government also submitted a declaration detailing the Postal Service's general policies. Together, this information described the training, or lack of training, in mail bomb detection that the Postal Service provided to the Postal worker who delivered the mail bomb package to the Gagers, set forth in detail the Postal Service's training policies regarding mail bomb detection, and explained the rationale underlying the Postmaster's decision not to implement a mandatory training policy in the absence of a known threat.

It is well-established that " '[t]he burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists.' " *Conkle v. Jeong,* 73 F.3d 909, 914 (9th Cir.1995) (quoting *Volk v. D.A. Davidson & Co.,* 816 F.2d 1406, 1416 (9th Cir. 1987)). The Gagers have not met this burden. The evidence previously obtained during discovery demonstrated that the Postal Service did not have a mandatory training policy except in particular areas where a specific threat existed. It is very unlikely that additional discovery would have produced contrary facts—i.e., evidence of a different policy. We also note that the Gagers have not specified in any way where such additional evidentiary material might be found. In the absence of a more substantial showing that contradictory evidence exists, we conclude that the Gagers have not shown that additional discovery is appropriate. Accordingly, we affirm the district court's denial of their discovery request.

## CONCLUSION

We agree with the district court that the discretionary function exception of the FTCA bars the Gagers' claim against the United States for negligent training and supervision of Postal Service employees. We also affirm the district court's denial of the Gagers' request to conduct limited discovery.

**AFFIRMED.**