Steven Nur AHMED, Plaintiff–Appellant,

v.

UNITED STATES OF AMERICA; et al., Defendants–Appellees.

No. 01–17425.
D.C. No. CV–01–00002–CW.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Steven Nur Ahmed appeals pro se the district court's summary judgment in favor of the defendants in his civil rights action alleging violations of the First and Fifth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994), and we affirm.

The district court properly held sovereign immunity barred Ahmed's action because he failed to demonstrate a waiver of immunity. *See Cato v. United States,* 70 F.3d 1103, 1107 (9th Cir.1995).

Ahmed's contention that 28 U.S.C. § 1346 confers jurisdiction lacks merit because this section vests exclusive jurisdiction for claims involving more than $10,000 with the Court of Federal Claims. *See* 28 U.S.C. § 1346(a)(2). Similarly, the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680, bars Ahmed's action because the issuance of a limited duration passport is an act that involves an element of judgment or choice. *See Gager v. United States,* 149 F.3d 918, 920 (9th Cir.1998).

Ahmed's contention regarding judicial bias lacks merit because he failed to present any evidence that the district judge relied upon knowledge acquired outside the judicial proceedings that influenced in any way her decision, or demonstrated antagonism that would render a fair judgment impossible. *See Liteky v. United States,* 510 U.S. 540, 556, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

notice of right-to-sue as required by 29 C.F.R. § 1614.105(d).
* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Therefore, appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Ahmed's remaining contentions lack merit.

AFFIRMED.