Vasu D. ARORA, Plaintiff—Appellant,

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 04–16304.
D.C. No. CV–02–05658–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 5, 2005.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Vasu D. Arora, San Jose, CA, pro se.

Abraham A. Simmons, USSF—Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM**

Vasu D. Arora appeals pro se the district court's summary judgment in favor of the United States government in his action filed under the Federal Tort Claims Act ("FTCA"), alleging he received inadequate medical care while he was in federal custody. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment on Arora's medical claims because they are barred by the independent contractor exception to the FTCA. *See Letnes v. United States*, 820 F.2d 1517, 1518–19 (9th Cir.1987). Arora failed to provide any evidence that the government had authority over the daily operations of either the New River Valley Regional Jail or the Roanoke Memorial Hospital. *See id.*

The district court properly granted summary judgment on the claim that Arora should have been taken to the University of Virginia Hospital for follow-up care after his heart attack because the claim is barred by the discretionary function exception to the FTCA. *See* 28 U.S.C. § 2680(a); *Gager v. United States*, 149 F.3d 918, 920–21 (9th Cir.1998) (discretionary function exception applies to choices or judgments that involve considerations of social, economic, or political policy).

Because the FTCA does not provide a waiver of sovereign immunity for constitutional claims, Arora's First and Eighth Amendment claims are barred. *See Delta*, 265 F.3d at 1024.

Arora's claims under Cal. Civ.Code § 52.1 fail because they are premised on

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the same constitutional claims which the FTCA bars. *See id.* at 1026.

Insofar as Arora contends the district court should have granted him a continuance under Fed.R.Civ.P. 56(f), the district court did not abuse its discretion in denying Arora's informal request and proceeding to rule on the summary judgment motion. *See State of California v. Campbell*, 138 F.3d 772, 779–80 (9th Cir.1998) (emphasizing that denial of a Rule 56(f) application is proper where it is clear that evidence sought is almost certainly nonexistent or is the object of pure speculation) (internal quotations omitted).

**AFFIRMED.**