**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 21 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELA OLINGHOUSE,<br><br>                 Plaintiff-Appellant,<br><br>  v.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>            Defendants-Appellees. | No. 15-35301<br><br>D.C. No. 3:14-cv-05871-RBL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

    Angela Olinghouse appeals pro se the district court's judgment dismissing her action, alleging, among other claims, negligent supervision and training claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's determination of subject matter jurisdiction. *Gager v. United States*, 149

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 918, 920 (9th Cir. 1998). We affirm.

The district court properly dismissed for lack of subject matter jurisdiction Olinghouse's action against the United States because Olinghouse failed to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"). *See* 42 U.S.C. § 233 (the FTCA is the exclusive remedy for actions arising "from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service"); *see also* 28 U.S.C. § 2675(a) (a party must file an administrative claim before filing an action under the FTCA); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) ("The requirement of an administrative claim is jurisdictional."). To the extent that, as Olinghouse argues, her claims for negligent training and supervision did not relate to the performance of "medical . . . or related functions" under 42 U.S.C. § 233, such claims were barred by the sovereign immunity doctrine. *See Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995) (explaining that "[a] party may bring an action against the United States only to the extent that the government waives its sovereign immunity" and that the FTCA represented "a limited waiver of that sovereign immunity for tort claims arising out of the conduct of a government employee acting within the scope of his or her employment"); *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000) (claims of negligent supervision and training "fall squarely within the discretionary function exception" to the FTCA).

The district court did not abuse its discretion in denying Olinghouse's motion to extend discovery because Olinghouse failed to show diligence in pursuit of the expert discovery that was required to oppose a motion for summary judgment on her medical malpractice claim. *See Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) (setting forth standard of review and explaining that the district court does not abuse discretion by denying further discovery if the movant "fails to pursue discovery diligently before summary judgment").

The district court did not abuse its discretion in denying Olinghouse's request for an appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for appointment of counsel).

We reject as without merit Olinghouse's contention that the district court judge was biased.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All requests set forth in Olinghouse's opening brief are denied.

**AFFIRMED.**

15-35301