**MARINE INSURANCE COMPANY, Ltd.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 400, Docket 30943.**

United States Court of Appeals
Second Circuit.

Argued April 6, 1967.

Decided June 5, 1967.

J. Edwin Carey, Hill, Rivkins, Warburton, McGowan & Carey, Clare E. Walker, New York City, for plaintiff-appellant.

Lawrence W. Schilling, Alvin H. Meadow, Ronald P. Huntley, Dawnald R. Henderson, Asst. U. S. Attys., Robert M. Morgenthau, U. S. Atty., for defendant-appellee.

Before WATERMAN, FRIENDLY and ANDERSON, Circuit Judges.

WATERMAN, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Southern District of New York entered on an order granting a government motion for summary judgment and dismissing appellant's complaint for failure to state a claim upon which relief could be granted.

The Marine Insurance Company, Ltd. (Marine Insurance), a British insurer, insured a small package which contained six emeralds valued at $152,190 for the period of its transit by international air mail from Geneva, Switzerland to its intended receiver, an importer in New York. The package was mailed at Geneva and routinely arrived at the "Mail Division" of the United States Customs Building in New York City, a normal stop for international air mail packages. At this place mail packages are inspected and import duties on the contents are assessed. Because the Mail Division had recently been the scene of the theft of a number of small valuable packages, including some sent by the Geneva shipper who sent this package of emeralds, postal and customs investigators determined to use this package to trap the thief or thieves. To accomplish this they removed the package briefly from its normal progression through the Mail Division, treated it with a fluorescent powder, and then placed it in a registered mail bag with other packages, in order for it to pursue its normal course of routine processing through the "Mail Division" so as to obtain customs clearance prior to its postal delivery to the addressee. The package was then successfully kept under surveillance until it reached the work area of a customs' employee named Madell Collins where the investigators lost sight of it. Collins was later arrested and was prosecuted and convicted under 18 U.S.C. § 1708 for unlawfully having in his possession stolen mail matter, the emeralds. Although the emeralds were never recovered, Collins was convicted on circumstantial evidence that proved he had possessed them in that the wrappings of the package were found in his possession and his body bore traces of the fluorescent powder. His conviction was affirmed by us, United States v. Collins, 349 F. 2d 863 (2 Cir. 1965).

Marine Insurance paid its insured, and thus being subrogated to this claim, seeks recovery from the United States pursuant to 28 U.S.C. § 1346(b) [1] even though by Section 2680(b) [2] of Chapter 171 of Title 28 of the U. S. Code no recovery under 28 U.S.C. § 1346(b) may be had on "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." This defense was affirmatively asserted by the Government [3] and the United States moved for summary judgment.

The emeralds were in transit by mail from Switzerland to New York and disappeared because of a "loss, miscarriage, or negligent transmission" of

1. Section 1346(b) reads:
§ 1346. United States as defendant
\* \* \* \* \*
(b) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

2. Section 2680(b) reads:
§ 2680. Exceptions
The provisions of this chapter and section 1346(b) of this title shall not apply to—
\* \* \* \* \*
(b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.

3. The Government also pleaded additional affirmative defenses: (1) That the loss arose out of a discretionary function of government employees within 28 U.S.C. § 2680(a), another exception to 28 U.S.C. § 1346(b), and (2) that the theft of the package did not result from any negligence on the part of the Government. The court below did not find it necessary to consider these defenses, nor do we.

**814**

them. Therefore appellant attempts to argue that the exemption from federal liability for losses of postal matter is not here applicable for the package containing them was not "postal matter" at the time of the loss. We disagree with appellant's position and affirm the holding below.

Appellant contends that because the package was stolen in the Mail Division of the Bureau of Customs it was in the temporary custody of that Bureau and thereby temporarily lost its character as postal matter. It cites language in *Alliance Assurance Co. v. United States*, 252 F.2d 529, 534 (2 Cir. 1958) indicating that 28 U.S.C. § 2680(b) was designed to bar actions for losses occasioned by the handling of goods within the postal system and not to bar actions for loss or damage to goods while in the custody of a non-exempted agency. In *Alliance Assurance* the claimant sought a recovery for the disappearance from customs of imported goods which at no time were "postal matter." The issue presented here of whether postal matter entering the country from abroad ceases temporarily to be postal matter when in the temporary custody of customs authorities was not before the court in that case. Nevertheless the *Alliance Assurance* court points out in connection with the very language appellant relies on, 252 F.2d 529, 534, that 28 U.S.C. § 2680(b) was designed expressly to bar "actions 'arising out of the loss, miscarriage, or negligent transmission' of *mail.*" (Emphasis supplied.)

Appellant attempts a similar attack based on the "function" which the package was performing at the time of the loss. As we understand appellant, it argues that when the Bureau of Customs undertook to use the package for

its own purposes in order to apprehend thieves, the package, while being so used, ceased to be postal matter and became something else; theorizing that whether an item at any moment is "postal matter" is to be determined by whether the item is then being used for or is channelized within a proper postal function. We find nothing in the statute or in its legislative history to support this ingenious argument. The most pertinent comment on this problem in the legislative history of the Legislative Reorganization Act of 1946 [4] was:

> This section specifies types of claims which would not be covered by the title. They include * * * claims which relate to *certain governmental activities which should be free from the threat of damage suit, or for which adequate remedies are already available.* These exemptions cover *claims arising out of the loss or miscarriage of postal matter * * *.* S. Rep. 1400, 79th Cong., 2d Sess. 33 (1946). (Emphasis supplied.)

Furthermore, even if we were to accept plaintiff's interpretation of the statute its argument would not apply to the facts of this case, for after treating the package with chemical powder the investigators returned it to the normal channels of mail. When stolen, the package was being processed in the same way it would have been processed if the inspectors had never singled it out for special surveillance. Although those committing this package to the postal system did not contemplate and probably would not have approved the use of their package as a decoy, they have no cause for complaint. The package was not stolen while exposed to any special risk. It had not been placed in an unusually vulnerable position but

---

4. Act of Aug. 2, 1946, c. 753, 60 Stat. 812. Title IV of the Act was entitled Federal Tort Claims Act. Present 28 U.S.C. § 1346(b) derives from Section 410 of that Act, and 28 U.S.C. § 2680(b) derives from Section 421(b) of that Act. Prior versions of such a waiver of sovereign immunity had been before Congress almost continually since 1926. The 1926 bill, S. 1912 of the 69th Congress, First Session, and each succeeding bill contained the postal exception in language virtually identical to that which finally appeared in Section 421, now codified as 28 U.S.C. § 2680(b). See *United States v. Muniz*, 374 U.S. 150, 155, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). None of the legislative history of any of these bills supports appellant's contentions.

was stolen while it was in the normal flow of mail. There is every reason to believe that the theft would just as surely have occurred at the same desk if the package had not been first removed to treat it with the fluorescent powder and then replaced. Hence if there were ever to be a case for qualifying the general language of the statute, this would not be it.

Affirmed.