101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Genrikh VAPNE, Plaintiff-Appellant,
v.
U.S. POSTAL SERVICE, Defendant-Appellee.
 No. 95-6237.
 United States Court of Appeals, Second Circuit.
 March 26, 1996.
 
 APPEARING FOR APPELLANT: Genrikh Vapne, pro se, Brooklyn, New York.
 APPEARING FOR APPELLEE: Tracey L. Salmon, Assistant United States Attorney for the Eastern District of New York, Brooklyn, New York.
 E.D.N.Y.
 AFFIRMED.
 Before FEINBERG, CARDAMONE, and MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Plaintiff-appellant Genrikh Vapne appeals pro se from a judgment entered August 10, 1995 that granted summary judgment in favor of defendant-appellee United States Postal Service (the "Postal Service") and dismissed Vapne's complaint. Vapne's suit against the Postal Service seeks damages in the amount of $25,000 for the alleged misdelivery of a package of medication that Vapne had mailed to his son in Canada.
 
 
 4
 2. Vapne's claim is barred by the doctrine of sovereign immunity. It is settled law "that 'the United States, as sovereign, "is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." ' " Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (quoting United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941))) (alteration in Testan ). The Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, constitutes a limited waiver of the sovereign immunity of the United States. However, 28 U.S.C. § 2680(b) provides that this waiver "shall not apply to ... [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." See Marine Ins. Co. v. United States, 378 F.2d 812, 813-14 (2d Cir.), cert. denied, 389 U.S. 953 (1967). Additionally, although the "sue and be sued" clause of 39 U.S.C. § 401(1) constitutes a general waiver of the sovereign immunity of the Postal Service, 39 U.S.C. § 409(c) provides that the FTCA remains applicable to tort claims brought against the Postal Service, thereby preserving the immunities prescribed in 28 U.S.C. § 2680. See Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97, 105 n. 9 (2d Cir.1981); Myers & Myers, Inc. v. United States Postal Serv., 527 F.2d 1252, 1255 (2d Cir.1975). Thus, the United States has not waived its sovereign immunity from tort claims such as Vapne's that seek recovery for the Postal Service's "loss, miscarriage, or negligent transmission" of mail.