Barbara DOLAN; Michael Dolan, W/H, Appellants

v.

THE UNITED STATES POSTAL SERVICE; United States of America.

No. 03–1840.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on Feb. 10, 2004.

Aug. 2, 2004.

James R. Radmore, Law Office of James R. Radmore, P.C., Philadelphia, for Appellants.

Patrick L. Meehan, United States Attorney, Laurie Magid, Deputy United States Attorney for Policy and Appeals, Virginia A. Gibson, Assistant United States Attorney, Chief, Civil Division, Nancy L. Griffin, Assistant United States Attorney, Philadelphia, for Appellees.

Before SCIRICA, Chief Judge, ROTH and MCKEE, Circuit Judges.

## OPINION

ROTH, Circuit Judge.

Appellant Barbara Dolan was injured allegedly as a result of mail negligently placed on her porch by a United States Postal Service (USPS) employee. Having properly exhausted her administrative remedies, Dolan filed a claim under the Federal Tort Claims Act (FTCA) in the United States District Court for the Eastern District of Pennsylvania. Citing 28 U.S.C. § 2680(b)'s exception to the FTCA for negligent transmission of the mail, the government filed a Fed.R.Civ.P. Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and the District Court granted it. Dolan appeals, arguing that § 2680(b)'s exception does not include immunity for the negligent delivery or placing of the mail. This is an issue of first impression in this Circuit After careful consideration, we conclude that the District Court was correct in its determination and will affirm.

### I. Factual and Procedural History

On August 25, 2001, Dolan fell over letters, packages and periodicals placed by a USPS employee on her porch. As a result of the fall, Dolan suffered serious injury.

In compliance with 28 U.S.C. § 2675, Dolan filed an administrative claim prior to filing her FTCA complaint. This administrative claim, however, was denied on April 18, 2002. On October 15, 2002, Dolan filed a complaint under the FTCA against the United States and the USPS in the United States District Court for the Eastern District of Pennsylvania. Her husband, Michael Dolan, also filed a FTCA claim for loss of consortium.

On February 7, 2003, the government filed its Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. The Dolans responded, conceding that the United States was the only appropriate defendant but otherwise opposing the motion.

On March 19, 2003, the District Court granted the government's motion to dismiss, holding that Barbara Dolan's claim was barred by 28 U.S.C. § 2680(b). The District Court also dismissed Michael Dolan's claim because it was derivative of his wife's claim.

On appeal, the Dolans concede that Michael Dolan did not timely exhaust his administrative remedies. Thus, the only the question before us is whether the District Court properly dismissed Barbara Dolan's claim for lack of subject matter jurisdiction.

### II. Jurisdiction and Standard of Review

■ Because the Dolans brought their claim under the FTCA, the District Court had jurisdiction pursuant to 28 U.S.C. § 1346(b). We have appellate jurisdiction under 28 U.S.C. § 1291. Our review is plenary where the District Court dismisses for lack of subject matter jurisdiction. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000).

## III. Discussion

 "It is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit." *United States v. Bein,* 214 F.3d 408, 412 (3d Cir.2000) (citing *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)). "[W]hen the Government does consent to be sued, 'the terms of [the] waiver of sovereign immunity define the extent of the court's jurisdiction.'" *Id.* (quoting *United States v. Mottaz,* 476 U.S. 834, 841, 106 S.Ct. 2224, 90 L.Ed.2d 841 (1986)). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed, and any such waiver must be construed strictly in favor of the sovereign." *Id.* (quoting *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33–34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992)) (internal quotation marks omitted). The FTCA waives the government's sovereign immunity when government employees act negligently within the scope of their official duties. 28 U.S.C. § 1346(b).

At issue here is an exception to the FTCA which provides that this waiver shall not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matters." 28 U.S.C. § 2680(b). Dolan contends that the words "negligent transmission" in § 2680(b) do not include a USPS employee's negligent placing of the mail. In essence, she invites us to read § 2680(b) as only providing the government immunity for mail lost, delayed or damaged in transit.

Relying on *United States v. Yellow Cab Co.,* 340 U.S. 543, 554, 71 S.Ct. 399, 95 L.Ed. 523 (1951), Dolan argues that, under the FTCA, immunity is generally waived in favor of the injured party. Dolan also cites § 2680(b)'s legislative history as discussed in *Suchomajcz v. United States,* 465 F.Supp. 474, 476 (E.D.Pa.1979), in support of her more narrow definition of "negligent transmission." She points out that the District Court in *Suchomajcz* noted that in passing § 2680(b) "Congress was concerned with shielding the courts from the potential landslide of lawsuits that might be generated by the unavoidable mishaps incident to the ordinary accepted operations of delivering millions of packages and letters each year." *Id.,* 465 F.Supp. at 476 (quoting *Birnbaum v. United States,* 436 F.Supp. 967, 974 (E.D.N.Y. 1977)). Dolan maintains that this history indicates Congress only intended § 2680(b) to protect the government from claims resulting from the loss or delay of mail, not torts resulting from negligently placed mail. While she concedes that *Bono v. United States,* 145 F.Supp.2d 441 (D.N.J. 2001), the only prior case in this Circuit to substantially address the facts and issue at hand, interpreted § 2680(b) to bar the type of suit she now brings, Dolan argues that both *Bono* court and the District Court in this case erred in reading the statutory definition of "transmission" to include negligent placing or delivery of the mail. Finally, she alleges that the FTCA's underlying objectives are not served by a broad definition of "negligent transmission." *See Kosak v. United States,* 465 U.S. 848, 858, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984).

 While we note that the Second Circuit Court of Appeals recently held in *Raila v. United States,* 355 F.3d 118 (2d Cir. 2004), that the words "negligent transmission" are limited to the loss or miscarriage of postal material, we disagree with that holding. To the extent that "negligent transmission" is ambiguous at all, any ambiguities in the language of a purported waiver of sovereign immunity must be con-

strued in favor of the government. *Lane v. Pena,* 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). Construing 2680(b) in such a way is made all the easier by the statute's expansive language. The phrase "[a]ny claim arising out" evinces Congress's intent to broaden rather than limit the exception for "negligent transmission. of letters or postal matter." [1]

Moreover, § 2680(b)'s legislative history makes plain that Congress intended to protect the government from lawsuits that might be generated by the unavoidable mishaps incident to the ordinary accepted operations of delivering millions of packages and letters each year. *Suchomajcz,* 465 F.Supp. at 476. Notwithstanding Dolan's arguments to the contrary, the USPS's "ordinary accepted operations" of necessity must encompass more than merely the mechanical sorting and transfer of the mail. Indeed, it is hard to imagine a more ordinary accepted operation incident to delivering millions of packages and letters each year than the ultimate act of delivery by USPS employees.

■ We thus agree with the District Court that there is nothing out of the ordinary about a USPS employee delivering the mail or placing the mail on the porch instead of in the mailbox. Dolan's accident was incidental to the USPS employee placing the mail on the porch. Because USPS employees do not monitor how the mail they deliver is retrieved by third-parties, mishaps related to the retrieval of the mail may be unavoidable.

■ We hold therefore that in the context of delivering letters or postal matter, "transmission" means the process of conveying from one person to another, starting when the USPS receives the letter or postal matter and ending when the USPS delivers the letter or postal matter. Such an interpretation of § 2680(b) furthers the FTCA's underlying objectives, particularly those of ensuring that a key governmental activity will not be disrupted by damage suits and of limiting the exposure of United States to excessive or fraudulent claims. *See Kosak,* 465 U.S. at 858, 104 S.Ct. 1519.

## IV. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.

---

**1.** *Robinson v. United States,* 849 F.Supp. 799 (S.D.Ga.1994), reached a similar interpretation of § 2680(b)'s language. *Id.* at 802 (citing *Kosak,* 465 U.S. at 854, 104 S.Ct. 1519).