David **MCCULLOUGH**, Plaintiff–Appellant,

v.

**UNITED STATES of America,**
**Defendant–Appellee,**

No. 03–6193.

United States Court of Appeals,
Second Circuit.

Sept. 10, 2004.

David McCullough, Sonyea, NY, pro se.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, for Appellee.

Present: VAN GRAAFEILAND, JACOBS, and POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DE-CREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff–Appellant David McCullough appeals from a judgment of the District Court dismissing, for lack of jurisdiction, his tort claims against the Clerk's Office of the United States District Court for the Northern District of New York (the "Clerk's Office"). Familiarity by the parties is assumed as to the facts, procedural context, and the specification of appellate issues. We affirm.

McCullough seeks damages pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), arising from the misdelivery of his mail by the Clerk's Office. The gravamen of McCullough's complaint is that the misdelivery resulted in an invasion of his privacy by whomever received and (presumably) opened his mail. To state a cause of action under the FTCA, McCullough was required "to establish that, under New York law, a private actor could be found liable in tort for the unauthorized opening of another's mail." *Hurwitz v. United States*, 884 F.2d 684, 686 (2d Cir.1989). New York does not recognize a cause of action for such a tort, thus the district court correctly dismissed the claim for lack of jurisdiction. And even if New York courts recognized a privacy tort arising from the misdelivery or unauthorized opening of mail, the FTCA exempts from its waiver of sovereign immunity "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter," 28 U.S.C. § 2680(b), a classification broad enough to encompass the claims raised here, *see, e.g., Marine Ins. Co. v. United States*, 378 F.2d 812, 813–15 (2d Cir.1967).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**