Darrel L. KORDUS, Plaintiff,

v.

**BIOMARK INTERNATIONAL LLC, Defendant,**

United States Department of Justice, Garnishee.

No. Civ.A.04–1229–KAJ.

United States District Court, D. Delaware.

Nov. 12, 2004.

Darrell L. Kordus, Brownstown, Michigan, pro se.

Colm F. Connolly, United States Attorney, District of Delaware, Douglas E. McCann, Assistant United States Attorney, District of Delaware, Wilmington, Delaware, for Garnishee.

### MEMORANDUM OPINION

JORDAN, District Judge.

### I. INTRODUCTION

Presently before me are a motion for remand (Docket Item ["D.I."] D.I. 4) filed by Darrell L. Kordus ("Plaintiff") and a motion to dismiss and quash a writ of garnishment (D.I. 5) filed by the United States Department of Justice (the "United States"). The United States seeks to remove this case under 28 U.S.C. §§ 1441(a) and 1442(a)(1). (D.I. 1.) The United States has also moved to dismiss the underlying action and quash the writ of garnishment pursuant Rule 12(h)(3) of the Federal Rules of Civil Procedure. (D.I. 5 at 1.) Plaintiff moves to remand the case to state court under Rule 12(b) and 28 U.S.C. § 1446(a). (D.I. 4 at 1.) For the reasons that follow, I will deny Plaintiff's motion for remand, and I will grant the United States' motion to dismiss and quash the writ of garnishment.

### II. BACKGROUND

On February 18, 2004, Plaintiff filed an action against Biomark International LLC ("Biomark") in the Justice of the Peace Court of the State of Delaware in and for New Castle County (Court 13) (the "JP Court"), seeking damages in the amount of $10,000 for an alleged wire fraud scheme. (D.I. 6, Ex. A.) Plaintiff obtained a default judgment on July 1, 2004 in the amount of $10,000 plus costs. (*Id.*, Ex. B.) To satisfy the judgment, Plaintiff requested garnishment of Biomark funds that had been seized by the United States. (*Id.*, Ex. C.) The JP Court issued a Writ of garnishment on August 13, 2004 in the amount of $10,055. (*Id.*, Ex. D.) On August 20, 2004, the United States explained to the JP Court that the United States had seized Biomark's property pursuant to a civil forfeiture action pending in the United States District Court for the Northern District of Georgia, captioned *United States v. $264,554.12, et al., C.A. No. 1-04-CV-0092.* (*Id.*, Ex. E.)

Although the United States explained that Plaintiff would be able to petition for remission of the forfeiture through 28 C.F.R. part 9 (*id.*), Plaintiff asked the JP Court to enter a judgment against the United States for $10,055 (*id.*, Ex. G). On September 3, 2004, the United States filed a notice of removal to the United States District Court for the District of Delaware. (D.I. 1.) The United States and Plaintiff unsuccessfully attempted to contact Biomark, and both parties agree that the notice of removal was filed without Biomark's consent. (D.I. 8 at 2; D.I. 4 at 1.) Plaintiff filed a motion for remand on September 16, 2004, stating, *inter alia,* that Biomark's failure to consent made removal improper. (D.I. 4 at 1.) The United States

subsequently filed a motion to dismiss and quash the Writ of garnishment on September 22, 2004, based on a defense of sovereign immunity. (D.I. 5.)

## III. Standards of Review

The Plaintiff's motion for remand and the United States' motion to dismiss both turn on the question of this court's subject matter jurisdiction, although the specific question posed by each motion is different. The motion to remand requires a determination of whether this court is the proper forum to answer whether relief can be granted at all on the Plaintiff's complaint. *See Willingham v. Morgan*, 395 U.S. 402, 406–407, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969) (removal jurisdiction under 29 U.S.C. § 1442 "is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law"). While it may sound somewhat anomalous, the motion to dismiss takes it as a given that a federal court is the correct forum in which to ask whether there is jurisdiction to grant the relief sought, and it then seeks to answer that question in the negative.[1] *Cf. Dolan v. U.S. Postal Service*, 377 F.3d 285, 287 (3d Cir.2004) ("It is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit.") (citation and internal quotation marks omitted).

█ A motion to dismiss for lack of subject matter jurisdiction may contest the sufficiency of a pleading on the pleading's face. In this case, the invocation of sovereign immunity as a defense effectively states that, even if I accept the Plaintiff's pleading as true, the court lacks jurisdiction to provide the relief the Plaintiff seeks. *See id.* In short, "[f]acial attacks, like this one, contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Turicentro, S.A. v. American Airlines Inc.*, 303 F.3d 293, 300 n. 4 (3d Cir. 2002).

## IV. DISCUSSION

### A. Plaintiff's Motion for Remand

█ Removal jurisdiction is proper in this case under 28 U.S.C. § 1442.[2] Under § 1442(a), removal jurisdiction is justified whenever a civil action is brought against a federal agency that is

> sued ... for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). The right of removal under this section is "absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court." *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). The Plaintiff in this case first brought his claim in JP Court and sought a writ of garnishment from that court against the United States. The United States contends that removal was proper because it raised the defense of sovereign immunity. Because sovereign immunity is "a colorable defense arising out of [the United States's] duty to enforce federal law," in this case the forfeiture laws of the United States, the case was properly removed. *Willingham*, 395 U.S. at 406–07, 89 S.Ct. 1813.

Plaintiff contends that removal was improper because of (1) Biomark's lack of notice and failure to consent to removal; (2) the district court's lack of original jurisdiction over the subject matter of the action; and (3) the absence of any civil action commenced

---

**1.** The United States' motion to dismiss is framed as one under Federal Rule of Civil Procedure 12(h)(3). The only distinction between a challenge to subject matter jurisdiction under that Rule and a like challenge under Rule 12(b)(1) is "that the former may be asserted at any time and need not be responsive to any pleading of the other party. For purposes of this case, the motions are analytically identical because the only

consideration is whether subject matter jurisdiction arises." *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 (3d Cir.1992) (citation omitted).

**2.** Because removal was clearly proper under § 1442, I need not consider whether it was also proper under § 1441.

against the Justice Department that is not ancillary to the underlying case. Plaintiff's first argument is not well-founded, since § 1442 allows removal by a defendant regardless of the consent of other defendants. *Akin v. E.I. duPont de Nemours & Co.*, 156 F.3d 1030, 1034–35 (10th Cir.1998). The lack of consent by Biomark is therefore not sufficient to nullify removal jurisdiction in this case, especially when the record indicates that both the United States and Plaintiff previously attempted to contact Biomark, to no avail. (D.I. 8 at 2; D.I. 4 at 1.)

Second, the lack of original jurisdiction does not preclude federal jurisdiction over this case. It is well-settled that the assertion of a federal defense such as sovereign immunity is sufficient to support removal jurisdiction "regardless of whether the suit could originally have been brought in a federal court." *Willingham*, 395 U.S. 402, 406, 89 S.Ct. 1813; *see also Mesa v. California*, 489 U.S. 121, 133–34, 136, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989) ("an unbroken line of this Court's decisions extending back nearly a century and a quarter have understood all the various incarnations of ... [the § 1442(a)(1)] removal statute to require the averment of a federal defense"). Accordingly, the United States' assertion of sovereign immunity is sufficient to support removal jurisdiction in this case.

■ Finally, contrary to the Plaintiff's assertion, a garnishment against the United States is a "civil action" within the meaning of § 1442. *See Nationwide Investors v. Miller*, 793 F.2d 1044, 1045 (9th Cir.1986) ("[I]s a state court garnishment proceeding, to which a federal officer acting under color of office has been summoned, a 'civil action' within § 1442(a)(1) and therefore removable to federal district court? We hold that it is."). *Cf. Berry v. McLemore*, 795 F.2d 452, 455 (5th Cir.1986) ("[G]arnishment actions against third parties are construed as independent actions from the primary action which established the judgment debt.") *Haines v. Donn's, Inc.*, 1995 WL 262534 at *2 (E.D.Pa. Apr.27, 1995) (quoting *Wausau Ins. Co. v. Koal Indus. Int'l, Inc.*, 811 F.Supp. 399, 400 (S.D.Ind.1991) and noting "the prevailing standard among the circuits is to permit

removal of a garnishment action."). Thus, the United States properly removed this case to this court.

**B. The United States' Motion to Dismiss**

■ The United States has moved that the writ of garnishment be quashed and the underlying action be dismissed pursuant Rule 12(h)(3), under the principle of sovereign immunity. (D.I. 5 at 1.) Rule 12(h)(3) entitles a court to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." It is well-established that a district court lacks jurisdiction to hear a claim against the federal government, "[a]bsent an explicit waiver of sovereign immunity." *Kabakjian v. United States*, 267 F.3d 208, 211 (3d Cir.2001); *see also Dolan*, 377 F.3d at 287 (same). The United States Department of Justice is protected by that doctrine because any judgment against it would be paid out of the federal treasury. *See Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963).

■ Here, Plaintiff has not identified any express waiver of sovereign immunity for the type of garnishment at issue in this case. Plaintiff does contend, however, that the motion to dismiss should be denied because: (1) sovereign immunity protects the "sovereign" from liability only, not from suit; (2) a garnishment is not a separate action and therefore only impacts what Plaintiff characterizes as the "liability protection" of sovereign immunity; (3) the United States has sufficient funds to satisfy the Garnishment, and so is merely a "stakeholder;" (4) the validity of the garnishment and the liability created against the government by its failure to honor the garnishment are separate issues; (5) satisfaction of the garnishment would come from the forfeited funds, and not the Federal Treasury, thereby "voiding sovereign immunity;" (6) the Code of Federal Regulations grants authority to the United States to release funds prior to forfeiture upon service of a court order, such as the garnishment order; and (7) due to the outstanding liability issue created by the United States' failure to honor the garnishment, issues still exist and this

**594**

case should not be dismissed. (D.I. 9 at 2–4.) In all of these arguments, the Plaintiff is mistaken.

All of the arguments advanced by Plaintiff, with the possible exception of the sixth, miss the fundamental point that the absence of a waiver of sovereign immunity by the United States deprives this court of jurisdiction to hear a claim or grant relief against the United States. *See Kabakjian,* 267 F.3d at 211. This is true regardless of whether the garnishment is viewed as a "separate action" or "ancillary" to the original action. (D.I. 9 at 4–5.) It is also irrelevant whether the action concerns "separate issues." (*Id.* at 7–8.) Any adverse judgment against the United States in this case would undermine the principles of sovereign immunity. In the absence of an express waiver, the United States is protected against this action, no matter what Plaintiff decides to call it.

■ As to Plaintiff's assertion that the core purpose of sovereign immunity would not be undermined in this case because the garnishment at stake would not impose any adverse effect on the public fisc (D.I. 9 at 5–6), the argument is not only legally irrelevant,[3] it is at odds with the undisputed factual record. The United States District Court for the Northern District of Georgia has entered a decree of forfeiture. (D.I. 11, Ex. A.) Under such a decree, title in the property sought by Plaintiff passed from Biomark to the United States "upon commission of the act giving rise to forfeiture," i.e. the date of the crime. 18 U.S.C. § 981(f). Because the funds that formerly belonged to Biomark now belong to the United States, an adverse judgment against the United States would be paid from the Treasury and would be a direct affront to sovereign immunity. *See Pullman Constr. Indus.,* 23 F.3d at 1168.

As to Plaintiff's sixth argument, which may be read as asserting that 28 C.F.R. § 9.7(a)(2) is a waiver of sovereign immunity for garnishments, the assertion is simply in error. Section 9.7(a)(2) states: "If a civil judicial forfeiture action against the property

is pending, release of the property must await an appropriate court order." When viewed in conjunction with the section's title "Terms and conditions of remission and mitigation", it is clear that section 9.7(a)(2) only governs the process by which the Department of Justice deals with seized property in the context of a forfeiture action, i.e. "release … must await an appropriate court order." Section 9.7(a)(2) does not, as Plaintiff claims, preclude the Department of Justice from relying on sovereign immunity in a garnishment proceeding. (D.I. 9 at 6–7.) Because the United States has not expressly waived its sovereign immunity for a garnishment action such as this, neither this court nor the JP Court has jurisdiction to issue a writ of garnishment against the United States. Accordingly, the writ must be quashed and this action must be dismissed.

## V. CONCLUSION

For the reasons stated, the court will deny Defendant's motion for remand (D.I. 4) and will grant the United States' motion to dismiss this case and to quash the writ of garnishment (D.I. 5). An appropriate order will follow.

### *ORDER*

For the reasons stated in the Memorandum Opinion issued in this action on this date,

IT IS HEREBY ORDERED that Defendant's motion for remand (D.I. 4) is DENIED, and the United States' motion to dismiss this case and to quash the writ of garnishment (D.I. 5) is GRANTED.

---

**3.** The United States' sovereign immunity provides it freedom from suit as well as freedom from any obligation to pay damages. *Pullman Const. Industries, Inc. v. U.S.,* 23 F.3d 1166, 1168

(7th Cir.1994) (citing *FDIC v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994), and *Minnesota v. United States,* 305 U.S. 382, 387, 59 S.Ct. 292, 83 L.Ed. 235 (1939)).