

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-2005

# EPIC Ed Projects Inf v. Dwelling House Sav

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2110

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"EPIC Ed Projects Inf v. Dwelling House Sav" (2005). *2005 Decisions.* Paper 860.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/860

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 04-2110

———

EPIC EDUCATIONAL PROJECTS AND INFORMATION
CONSULTANT CENTER INC.,
Appellant

v.

DWELLING HOUSE SAVINGS & LOAN ASSOCIATION

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 03-cv-00385)
District Judge: Honorable Terrence F. McVerry

———

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2005

Before: SLOVITER, McKEE, Circuit Judges, and FULLAM, District Judge*

(Filed: July 13, 2005)

———

OPINION

———

_____

* Hon. John P. Fullam, Senior Judge, United States District Court for the Eastern
District of Pennsylvania, sitting by designation.

SLOVITER, <u>Circuit Judge</u>.

The Educational Projects and Information Consultant Center, Inc. ("EPIC") appeals the March 25, 2004 Order of the United States District Court for the Western District of Pennsylvania, granting Appellee Dwelling House Savings & Loan Association's ("Dwelling House") motion to dismiss for lack of subject matter jurisdiction. We will affirm.

I.

Because the parties are familiar with the facts and procedural background of this case, we refer only to those facts that are pertinent to our discussion.

On February 13, 1974, Arthur and Betty Williams granted Dwelling House a first mortgage on a property located at 5044 Rosecrest Drive, Pittsburgh, Pennsylvania. In October of 1991, Mr. Williams filed for Chapter 13 Bankruptcy protection in the United States Bankruptcy Court for the Western District of Pennsylvania. Dwelling House filed a proof of claim with the Bankruptcy Court, which was amended on April 8, 1992 to reflect a claim against Williams of $34,700.05 (including a delinquency of $9,496.60). On September 6, 1995, the case was dismissed; the Final Report and Accounting, issued on September 28, 1995, reported that $25,197.23 had been paid to Dwelling House between January 24, 1992 and September 25, 1995, and that the balance remaining on Dwelling

House's mortgage was $8,413.57.[1]

EPIC purchased the Rosecrest Drive property at a sheriff's sale on March 2, 1998, pursuant to a writ of execution issued by the second mortgage holder. EPIC alleges that following the sale Dwelling House has claimed a balance due on the first mortgage of over $68,000.

On March 19, 2003, EPIC filed a complaint for declaratory judgment in the United States District Court for the Western District of Pennsylvania seeking to set the amount due on Dwelling House's mortgage at $8,413.57, the amount reflected in the September 28, 1995 Final Report and Accounting.[2] The complaint alleged subject matter jurisdiction under 28 U.S.C. § 1331 (granting federal question jurisdiction) and 28 U.S.C.§ 1334 (granting jurisdiction in actions arising in or relating to bankruptcy cases). On March 25, 2004, the District Court dismissed the case for lack of subject matter jurisdiction. EPIC has filed a timely notice of appeal.

---

[1] In July 1997, Mr. Williams filed a second Chapter 13 bankruptcy petition. Dwelling House filed a proof of claim in an amount exceeding $47,000, but this case was dismissed before a meeting of creditors took place.

[2] Prior to filing the present action in federal court, EPIC initiated a quiet title action against Dwelling House in the Allegheny County Court of Common Pleas. After a trial on the merits, that court found that "Epic has failed to sustain its burden of proving that the amounts claimed by Dwelling House are incorrect." App. at 65. The Superior Court of Pennsylvania affirmed. The Supreme Court of Pennsylvania denied EPIC's petition for allowance of appeal, and the United States Supreme Court denied a writ of certiorari.

## II.

"Our review is plenary where the District Court dismisses [a case] for lack of subject matter jurisdiction." Dolan v. United States Postal Serv., 377 F.3d 285, 286 (3d Cir. 2004).

EPIC's complaint contains no claim for a violation of federal statute or constitutional law, and fails to allege any facts that would support such a violation. Thus, we are unable to discern any "well-pled" federal question on the face of EPIC's complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

We reject EPIC's argument, made in response to Dwelling House's motion to dismiss, that its due process rights were implicated because the Allegheny County Sheriff failed to publicly declare, prior to sale, that the actual lien on the Rosecrest Drive property was greater than the $8,413.57 reflected in the public bankruptcy records. Even were we to agree with EPIC that this omission constituted a violation of state law (an issue which we need not decide here), such a violation does not confer subject matter jurisdiction under 28 U.S.C. § 1331. See Engle v. Isaac, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process. . . . If the contrary were true, then 'every erroneous decision by a state court on state law would

4

come [to the federal courts] as a federal constitutional question.'") (quoting Gryger v. Burke, 334 U.S. 728, 731 (1948)).

We also find that jurisdiction is lacking under 28 U.S.C. § 1334, which provides a district court with jurisdiction in "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). As stated in In re Marcus Hook Dev. Park, Inc., 943 F.2d 261 (3d Cir. 1991):

> A proceeding is related to bankruptcy if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy, . . . Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights, liabilities, options, or freedom of action or the handling and administration of the bankrupt estate.

943 F.2d at 264 (internal citations and quotations omitted); see also In re Federal-Mogul Global, Inc., 300 F.3d 368 (3d Cir. 2002).

It is undisputed that the present case does not arise under title 11. Furthermore, because the Chapter 13 proceedings initiated by Mr. Williams in 1991 and 1997 have both been dismissed, there is no possibility that the present action, initiated by EPIC against Dwelling House, will have any effect on an estate being administered in bankruptcy.[3]

---

[3] In any event, the dismissal of the 1991 bankruptcy proceedings rendered any orders attendant to that action, on which EPIC relies, unenforceable. In re Lewis & Coulter, Inc., 159 B.R. 188, 190 (Bankr. W.D. Pa. 1993) ("The estate reverts, upon dismissal, to the debtor and is subject to all encumbrances in existence prior to the bankruptcy.").

Finally, we find no support for EPIC's argument that we have jurisdiction to enforce court orders entered in a bankruptcy proceeding which will affect the rights of others who later rely on those orders in conducting their own affairs.

**III.**

Accordingly, for the reasons given above, we affirm the decision of the District Court.