C.D. OF NYC, INC., and D.J. of America, Inc., d/b/a Diajewel of America, Plaintiffs–Appellants,

v.

UNITED STATES POSTAL SERVICE, Defendant–Appellee.

No. 04–5326.

United States Court of Appeals, Second Circuit.

Dec. 8, 2005.

Krishnan Chittur, Chittur & Associates, P.C., New York, NY, for Appellants.

Joseph A. Pantoja, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, and Sara L. Shudofsky, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: KEARSE, CABRANES, Circuit Judges and BERMAN, District Judge.*

SUMMARY ORDER

Plaintiffs C.D. of NYC, Inc. and D.J. of America, both diamond merchants, filed a complaint against the United States Postal Service ("USPS") in the District Court dated July 7, 2003 bringing claims of con-

version, "money had and received," unjust enrichment, negligent supervision, concerted action, and civil conspiracy. In an opinion and order dated September 16, 2004, the District Court dismissed the action, holding that the District Court lacked jurisdiction under (a) the "postal matter" exception, (b) the "intentional torts" exception to the United States' consent to be sued under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.* ("FTCA"),[1] and (c) the requirement that the claims be of a type on which a private person would be liable to the plaintiffs under the law of the state where the challenged act or omission occurred, *see* 28 U.S.C. § 1346(b)(1).

We assume the parties' familiarity with the underlying facts and procedural history.

Plaintiffs' complaint concerned repeated thefts conducted over about two years, in which plaintiffs' employees ("diamond employees") conspired with USPS employees to steal about $1.5 million in jewelry from the plaintiff diamond sellers. The diamond employees would bring parcels of diamonds to the Rockefeller Center USPS branch and would hand the parcels to the confederate USPS employees. The USPS employees gave the diamond employees false documents (which the diamond employees provided to their employers) purporting to show that the parcels had been truly mailed. They had not. Instead, the USPS employees stole the parcels.

The District Court correctly held that the "postal matter" exception of the FTCA bars jurisdiction over this case and therefore properly dismissed the action. As we held in *Marine Insurance Co. v. United States*, 378 F.2d 812, 814 (1967), theft of parcels by a federal employee responsible for the supervision of mail (in that case, a Bureau of Customs employee who worked in the area in which international mail was processed) falls within the exception. Our subsequent holding in *Birnbaum v. United States*, 588 F.2d 319, 328 & n. 20 (2d Cir.1978), does not change the result. In *Birnbaum*, we distinguished *Marine Insurance* and allowed suit by persons whose mail had been covertly opened and read by the Central Intelligence Agency. Section 2680(b) excludes claims arising from mail that was "los[t]"; the key difference between *Birnbaum* and *Marine Insurance*, both of which involved law enforcement authorities, was that after the examination in *Marine Insurance*, the mail had been lost, whereas in *Birnbaum* the mail was not lost, making the "postal matter" exception inapposite. *See id.* at 328 n. 20. Here plaintiffs complain of mail brought to a United States Post Office, handed to USPS employees, and stolen by the persons employed by the USPS to handle

---

1. The FTCA provides, in relevant part, that
   the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).
   The "postal matter" exception bars suit on the basis of any "claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).
   In relevant part, the "intentional torts" exception bars suit on the basis of any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. . . .

28 U.S.C. § 2680(h).

mail. Under *Marine Insurance*, the District Court lacks jurisdiction.

\* \* \* \* \* \*

In the circumstances presented here, we need not reach or discuss the remaining issues raised on appeal.

The judgment of the District Court is AFFIRMED.