# United States Court of Appeals
## For the First Circuit

No. 08-1266

JOSEPH K. LEVASSEUR,

Plaintiff, Appellant,

v.

U.S. POSTAL SERVICE,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro,  U.S. District Judge]

Before

Lipez, Selya and Howard,
Circuit Judges.

John K. Levasseur on brief pro se.
Michelle A. Windmueller, Attorney, Appellate Division, Hélène Kazanjian, Special Attorney to the United States Attorney General, and Lori J. Dym, Chief Counsel, Appellate Division, on brief for appellee.

October 1, 2008

**Per Curiam**.  We affirm the judgment substantially for the reasons enumerated in the district court's opinion, see 2007 WL 2011273 (D.N.H. 2007), adding only the following comments.

This case raises a single issue involving the so-called "postal-matter exception" to the Federal Tort Claims Act.  That exception preserves sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matters."  28 U.S.C. § 2680(b).  The question is whether the theft or concealment of mail--in this case, political campaign flyers that were diverted by a partisan postal employee to prevent them from being delivered to voters shortly before a municipal election--falls within that provision.  The district court deemed the exception applicable and thus dismissed for lack of jurisdiction.

Levasseur contends that the postal-matter exception does not apply to intentional torts.  In his view, the plain meaning of the statutory language supports such a conclusion.  To the contrary, as the district court explained, the fact that the word "negligent" only modifies the word "transmission" indicates that intentional acts of "loss" and "miscarriage" are also covered. See, e.g., Watkins v. United States, 2003 WL 1906176, at *4 (N.D. Ill. 2003).  Levasseur has offered no rebuttal to this line of reasoning.

-2-

Levasseur also relies on a comment in <u>Birnbaum</u> v. <u>United States</u>, 588 F.2d 319 (2d Cir. 1978). Under challenge there was a CIA program in which letters to and from the Soviet Union were opened, photocopied, and then returned to the mail for delivery. In concluding that the postal-matter exception did not bar suit, the court stated as follows:

> <u>The language of the exception itself indicates that it was not aimed to encompass intentional acts.</u> Had Congress intended to bring intentional disturbance of the integrity of a letter within the postal exception, it would not have used the term "negligent transmission." Nor were the letters lost or miscarried. "Miscarriage" in the context of mail means misdelivery.

<u>Id.</u> at 328 (emphasis added and deleted). Levasseur relies on the emphasized sentence. Yet it seems clear that this remark pertained solely to the "negligent transmission" factor, for it otherwise would have conflicted with <u>Marine Ins. Co.</u> v. <u>United States</u>, 378 F.2d 812 (2d Cir. 1967). It was there held that the § 2680(b) exception applied to the theft of postal matter by a governmental employee. The <u>Birnbaum</u> court was able to distinguish that decision because, unlike in the case before it, the claim in <u>Marine</u> had involved the package's "'loss' from the postal system." <u>Birnbaum</u>, 588 F.2d at 328 n.20; <u>accord</u> <u>C.D. of NYC, Inc.</u> v. <u>U.S.P.S.</u>, 2005 WL 3322993, at *1 (2d Cir. 2005) (applying <u>Marine</u> and holding that theft of mail by postal employees involved "loss"; distinguishing <u>Birnbaum</u> on ground that mail there "was not lost"), <u>cert. denied</u>,

127 S. Ct. 346 (2006); see also Georgacarakos v. United States, 420 F.3d 1185, 1188 (10th Cir. 2005) (distinguishing Birnbaum on same basis).  Since Birnbaum did not involve a loss, the remark in question also would have been dicta if it was meant to apply thereto.  Levasseur thus derives no support from that decision.

Indeed, the cases holding that theft of mail is a "loss" for purposes of § 2680(b) directly undermine Levasseur's position, since theft is of course a form of intentional misconduct.  We think it entirely reasonable to say, as these cases have, that mail that is stolen by a postal employee is thereby "lost" from the postal system.

The Supreme Court has stated that, as a general rule, the postal-matter exception preserves immunity for "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address."  Dolan v. U.S.P.S., 546 U.S. 481, 489 (2006).  It provided several examples of such injuries, including "harms arising from nondelivery or late delivery of sensitive materials or information (e.g., medicines or a mortgage foreclosure notice)." Id.  The claim here, which similarly complains of the "nondelivery ... of sensitive materials," falls squarely within this category.

Affirmed.