**Ramon LOPEZ, Petitioner**

v.

**POSTAL REGULATORY COMMISSION, Respondent**

**No. 12-1341
September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed on: December 11, 2017

Ramon Lopez, Pro Se

Michael S. Raab, Attorney, Jeffrey Eric Sandberg, Attorney, Sonia M. Carson, Attorney, U.S. Department of Justice, (DOJ) Civil Division, Appellate Staff, Washington, DC, David Alan Trissell, Postal Regulatory Commission (PRC), Washington, DC, for Respondent

Brooks R. Brown, Attorney, Brian Timothy Burgess, Esquire, Goodwin Procter LLP, Washington, DC, for Appointed Amicus Curiae for Petitioner Brooks R. Brown

Before: Rogers, Kavanaugh, and Wilkins, Circuit Judges.

**JUDGMENT**

PER CURIAM

This petition for review of a decision of the Postal Regulatory Commission ("PRC" or "Commission") was briefed and argued by counsel for the Commission and appointed *amicus curiae* for Petitioner Ra-

mon Lopez. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that Lopez's petition for an order directing the Postal Service to restore mail service to Lopez's address be dismissed as moot and his damages claim be transferred to the District Court for the Southern District of Florida.

In 2011, Lopez submitted an administrative complaint to the PRC pursuant to 39 U.S.C. § 3662, alleging that the Postal Service had wrongly suspended mail delivery to his home in Florida. A. 2. Lopez also asserted that the Postal Service's failure to deliver mail to that address prevented him from receiving utility bills and caused him to incur unnecessary expenses. *Id.* In his complaint, Lopez requested two forms of relief: (1) an order directing the Postal Service "to immediate[ly] restore mail service" to his home address and (2) an order directing the Postal Service to pay Lopez at least $2,500 in compensatory damages and filing costs. A. 3. In accordance with its regulations, the Commission construed Lopez's complaint as a service inquiry and forwarded it to the Postal Service for investigation. *See* 39 C.F.R. § 3030.13. The Commission ultimately dismissed Lopez's complaint as moot after the Postal Service represented that it would resume delivery to his house, and subsequently did so. A. 44-45, 50. The Commission also concluded that 28 U.S.C. § 2680(b) barred Lopez's demand for compensatory damages, and thus denied his claim. Petitioner now asks us to find that the Commission acted arbitrarily and capriciously by dismissing his request as moot. He also asks this Court to sever his damages claim and transfer it to the District Court for the Southern District or Middle District of Florida, pursuant to 28 U.S.C. § 1631. *See* 28 U.S.C.

§ 1346(b)(1). The Court addresses each issue in turn below.

Lopez first argues that the Commission erred by dismissing his complaint as moot because dismissal was based on the Postal Service's voluntary cessation of its allegedly wrongful conduct, which "ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 174, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). In response, the Commission contends that, as an executive agency, it is not bound by the voluntary-cessation exception to the mootness doctrine and therefore properly dismissed Lopez's first claim for relief, relying on the Postal Service's representation that it would resume mail service.

The Court need not decide whether an agency must apply the voluntary-cessation doctrine: Even assuming Article III standards apply, Lopez can show no injury in light of the restoration of his mail service. *Pharmachemie B.V. v. Barr Labs., Inc.*, 276 F.3d 627, 631 (D.C. Cir. 2002) ("A case is moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." (citation and internal quotation marks omitted)). Even if the Court were to hold that the Commission should have issued an order directing the Postal Service to immediately restore mail service to Lopez's Florida address, that decision would provide Lopez no relief because the Postal Service has already resumed mail service as requested.

Nevertheless, Petitioner and *amicus curiae* argue that concerns about voluntary cessation render this case ripe for review. The Court does not agree. The voluntary cessation of allegedly illegal conduct does not necessarily deprive a court of jurisdiction, but the voluntary cessation of conduct will render a case moot if "there is no

reasonable expectation that the alleged violation will recur," and intervening events have eradicated the effects of the alleged violation. *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979) (internal citations, quotation marks, and alteration omitted). The facts in this case do not fit within the voluntary-cessation exception. In its April 2012 letter to Lopez, the Postal Service stated that it would "resume delivery to [Lopez's Florida address] effective immediately," and "will continue to deliver mail to that address indefinitely," unless there are clear indications that the property is vacant (such as accumulation of the mail outside the house). A. 44. Although Lopez and *amicus curiae* assert that the allegedly wrongful conduct could recur, particularly because the conduct was allegedly motivated by discrimination against Lopez, the Postal Service has stated only that it reserves the right to take future action that it is legitimately empowered to take. *See id.* (citing U.S. Postal Serv., Regulation Handbook, M-41, City Delivery Carriers Duties & Resps., § 241.15 (2001)). Accordingly, the Court will dismiss as moot Lopez's petition for an order directing the Postal Service to restore mail service to his address.

Lopez next argues that neither the Commission nor this Court has jurisdiction to address his damages claim. For this reason, Lopez and *amicus curiae* ask the Court to transfer the claim to the District Court for the Southern or Middle District of Florida, pursuant to 28 U.S.C. § 1631. While the Commission agrees with Lopez on the jurisdictional question, it nonetheless urges this Court to deny Lopez's damages claim rather than transfer it for review by a district court. The Court agrees that it does not have jurisdiction to decide the issue. *See* 28 U.S.C. § 1346(b)(1) (establishing "exclusive jurisdiction" over certain civil claims against the U.S. government in the district court). We must next decide whether to transfer or deny Lopez's damages claim.

Section 1631 provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice*, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis added). The Commission contends that transfer is not warranted for three reasons: (1) Lopez's claim is barred by the Federal Tort Claims Act ("FTCA")'s postal exception, 28 U.S.C. § 2680(b); (2) even if the claim were not barred, Lopez has not established that Florida law would permit Lopez to recover the damages sought; and (3) the claim suffers from two fatal defects—Lopez did not sue the correct party and failed to satisfy the FTCA's presentment requirement. The Commission asserts that because Lopez's damages claim is barred on these grounds, transfer would not be "in the interest of justice." 28 U.S.C. § 1631. Because each of the Commission's arguments fails, the Court cannot agree that transfer is inappropriate here.

First, Lopez's damages claim is not plainly barred by the FTCA's postal ex-

ception,[1] as evidenced by the fact that several courts have found that the Postal Service is not entitled to sovereign immunity for the intentional mis-transmission of mail. *See, e.g., Colbert v. USPS*, 831 F.Supp.2d 240, 243 (D.D.C. 2011) ("In th[e] narrow window of intentional mis-transmission, [the Postal Service] is not entitled to sovereign immunity."); *LeRoy v. U.S. Marshal's Serv.*, No. 06-cv-11379, 2007 WL 4234127, at *1 n.2 (E.D. La. Nov. 28, 2007) (noting that a postal employee's "refusal to deliver plaintiff's mail to him was an intentional act," not " 'the loss, miscarriage, or negligent transmission of letters or postal matter' " (quoting 28 U.S.C. § 2680(b))). Thus, although Lopez does not specify that his claim arises out of an intentional mis-transmission of his mail, if it did—which is plausible—Lopez's claim may be viable.

Second, although the Court agrees with Petitioner and *amicus curiae* that the question of whether Florida law provides a legal basis for the damages sought is better left for the transferee court to resolve, Lopez has made an adequate showing that Florida law plausibly would provide a remedy. *See* Amicus for Pet'r's Reply 23. For instance, *amicus curiae* notes that, under Florida law, an individual may bring conversion claims against or seek damages from mail carriers that intentionally fail to deliver her mail. *Id.* Thus, the Commission's argument on this point is unpersuasive.

Finally, the procedural defects the Commission identifies are insufficient to warrant dismissal of Lopez's damages claim. While the Commission is correct that Lopez has not sued the correct party—*i.e.*, he has sued the Commission rather than the United States—we decline to find this defect fatal, particularly when the case involves a *pro se* litigant. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) ("Courts must construe *pro se* filings liberally."). In addition, we cannot agree that Lopez has failed to satisfy the FTCA's presentment requirement. *See* 28 U.S.C. § 2675. Pursuant to section 2675, Lopez filed a claim with the Commission that sufficiently described his injury and included a sum-certain damages claim. *GAF Corp. v. United States*, 818 F.2d 901, 917 (D.C. Cir. 1987) (describing the presentment requirement); *see* A. 2-3 (Lopez's written complaint). That Lopez presented his demand as a claim for relief under the Postal Accountability and Enhancement Act is of no relevance given Lopez's status as a *pro se* litigant and because it was clear what relief Lopez sought.

For these reasons, the Court declines to dismiss Lopez's damages claim, and instead will transfer the claim to the District Court for the Southern District of Florida.[2]

---

1. Pursuant to 28 U.S.C. § 2680(b), the FTCA's waiver of sovereign immunity does not apply to claims "arising out of the loss, miscarriage or negligent transmission of letters or postal matter." "[M]ail is 'lost' if it is destroyed or misplaced[.]" *Dolan v. USPS*, 546 U.S. 481, 487, 126 S.Ct. 1252, 163 L.Ed.2d 1079 (2006). Mail is also "lost" if it is stolen by a postal employee. *See, e.g., Levasseur v. USPS*, 543 F.3d 23, 24 (1st Cir. 2008). "[M]ail is . . . 'miscarried' if it goes to the wrong address." *Dolan*, 546 U.S. at 487, 126 S.Ct. 1252. Mail is "negligently transmitted" when the Postal Service commits negligence during and related to "the process of conveying [letters or postal matter] from one person to another, starting when the USPS receives the letter or postal matter and ending when the USPS delivers the letter or postal matter." *Dolan v. USPS*, 377 F.3d 285, 288 (3d Cir. 2004), *rev'd on other grounds*, 546 U.S. 481, 126 S.Ct. 1252, 163 L.Ed.2d 1079 (2006).

2. FTCA claims may be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). *Amicus curiae* correctly states that venue would thus be proper in either the Southern District of Florida, where the property at issue is located, or the Middle District of Florida, where Lopez is currently incarcerated. Because Petitioner

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to transmit a copy of this judgment and the portion of the original file pertaining to Petitioner's damages claim to the United States District Court for the Southern District of Florida. The Clerk is further directed to withhold issuance of the mandate with respect to Petitioner's restoration of mail service claim until seven days after the resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

has not indicated a preference, the Court opts to transfer the claim to the Southern District of Florida because that is where the acts on which Lopez's claim is based occurred.